UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PRIMERICA FINANCIAL SERVICES, INC.,

    Petitioner,

- against -

RICHARD REID and CRYSTAL CUEVAS,

    Respondent.

---

JUDGE CARTER

14 cv 7795

14 Civ. _____

**VERIFIED PETITION TO COMPEL ARBITRATION AND FOR INJUNCTIVE RELIEF TO STAY IMPROPER ACTION**

RECEIVED SEP 25 2014
U.S.D.C. S.D. N.Y.
CASHIERS

Petitioner Primerica Financial Services, Inc. ("Primerica"), by its attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP and Jackson Lewis P.C., brings this petition under the Federal Arbitration Act, 9 U.S.C. § 4, the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283, to request an order (i) compelling Respondents Richard Reid and Crystal Cuevas to arbitrate claims that they brought in New York State Supreme Court and (ii) barring Respondents from further litigating those or any other claims against any Primerica Company, in state or federal court.

## SUMMARY OF PRIMERICA'S PETITION

1.    The grounds for Primerica's action are straightforward: Reid and Cuevas are former independent sales representatives of Primerica who entered into contractual relationships to sell Primerica products, including life insurance policies. These relationships were governed by certain contracts, including a "Basic Agreement" that requires Respondents to arbitrate "any dispute" they may have with Primerica or any "Primerica Company," including any affiliate of Primerica.

2.    On July 23, 2014, Respondents breached their agreements to arbitrate by filing an action in New York State Supreme Court asserting putative class-action wage and hour

claims against two of Primerica's affiliates, Primerica Financial Services Agency of New York ("PFSNY") and PFS Investments Inc. ("PFSI", and together, the "State Court Defendants") and other "related entities." That action is captioned *Reid* v. *Primerica Financial Services Agency of New York, Inc.*, No. 157193/2014 (the "State Action").

3. Accordingly, Primerica brings this action to enforce its contractual rights against Respondents and respectfully requests that this Court enter an order (i) compelling Respondents Richard Reid and Crystal Cuevas to arbitrate claims that they brought in New York State Supreme Court and (ii) barring Respondents from further litigating those or any other claims against any Primerica Company, in state or federal court.

## PARTIES

4. Plaintiff Primerica Financial Services, Inc., is a Nevada corporation, which maintains its principal place of business in Duluth, Georgia.

5. Upon information and belief, Respondent Richard Reid is a resident of the State of New York.

6. Upon information and belief, Respondent Crystal Cuevas is a resident of the State of New York, though she has alleged in the State Action that she is a resident of the State of Colorado.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and because, based on the allegations contained in the State Action, Primerica has a reasonable, good-faith belief that the amount in controversy exceeds $75,000, exclusive of interest.

8. This Court has personal jurisdiction over Respondents because, upon information and belief, Respondents reside within New York and Respondents have brought suit in a New York court concerning the same subject matter as this petition.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District. Venue is further proper in this District under 9 U.S.C. § 4.

## FACTS

### *Respondents' Business Relationship with Primerica*

10. Primerica is a 100% owned subsidiary of Primerica, Inc., a publicly traded corporation. Primerica offers a variety of financial and insurance products, often in conjunction with its affiliates, including the State Court Defendants. Primerica sells its products through sales agents who agree to act as independent contractors on Primerica's behalf.

11. To become a Primerica agent, an individual must submit an Independent Business Application ("IBA"). Each IBA contains a "Basic Agreement" governing the relationship between the applicant and Primerica. In submitting an application, a prospective agent agrees to be bound by the Basic Agreement.

12. The Basic Agreement is a contract between Primerica and its agents. In large typeface and all-capital, bolded lettering, it informs prospective agents that **"THIS IS A BINDING CONTRACT"** and instructs them to **"READ IT CAREFULLY."** Though signed only by Primerica, it explains that it governs agents' relationship with Primerica "and other Primerica Companies," which are defined to include the State Court Defendants.

13. Reid submitted an application to Primerica on May 20, 2011 in which he agreed to be bound by the Basic Agreement.

14.     Cuevas submitted an application to Primerica on February 9, 2012, in which she agreed to be bound by the Basic Agreement.

### *Respondents' Binding Agreement to Arbitrate*

15.     The Basic Agreement to which both Respondents agreed to be bound contains a broad arbitration provision requiring that "any dispute" between Respondents and Primerica or any "Primerica Company," including the State Court Defendants, must be presented and resolved through "good faith negotiation and, if that fails, only through binding arbitration."

16.     The Basic Agreement further provides that each "Primerica Company," including each of the State Court Defendants, is "intended to be a third party beneficiary of this provision and has the same rights to enforce it as do you and Primerica." Primerica thus has the express authority to enforce the terms of the Basic Agreement. The Basic Agreement also provides that "[i]njunctions in aid of arbitration are permitted."

17.     The Basic Agreement prohibits class-based disputes. It specifically provides: "In the interest of prompt and inexpensive resolution of disputes, . . . no dispute subject to arbitration under this section shall be consolidated with any other agent's dispute or prosecuted as a class action, except as agreed by all parties."

18.     Because he became licensed to sell securities products, Reid also entered into a PFS Investments Inc. Registered Representative Agreement ("RRA") with PFSI. The RRA incorporates the definitions and the arbitration clause of the Basic Agreement.

19.     The RRA also contains an arbitration provision specific to securities matters covered by FINRA, and provides that the Basic Agreement will otherwise govern "all other disputes" between an agent and any Primerica Company, including all disputes "over which FINRA does not exercise jurisdiction."

***Respondents Violate their Agreement to Arbitrate***

20.    On July 23, 2014, in violation of their agreements to arbitrate, Respondents filed the State Action in the New York Supreme Court, County of New York, alleging that PFSNY and PFSI failed to compensate Respondents for wages and overtime, as required by New York Labor Law.

21.    In the State Action, Respondents purport to assert claims on behalf of themselves and all those similarly situated. On behalf of this purported class, Respondents seek compensatory damages, attorney's fees and costs.

22.    Respondents' claims in the State Action go to their relationship with Primerica and its affiliates, and thus are covered by the unequivocal and binding requirement in the Basic Agreement to resolve such disputes through negotiation, or, failing, that, arbitration. By filing the State Action, and styling it a class action, Respondents violated their agreements to individually arbitrate any dispute with any "Primerica Company," including the State Court Defendants.

23.    In the absence of an injunction staying the State Action and barring further litigation, Primerica's affiliates, the State Court Defendants, will be forced to litigate an improper class action with Primerica's own agents, in violation of the binding arbitration agreement entered into between Primerica and Respondents.

## CLAIMS FOR RELIEF

### Count I: Order Compelling Arbitration

24.    Primerica repeats and re-alleges paragraphs 1 through 23 set forth above.

25.    Respondents entered into written agreements with Primerica in which they agreed to be bound by the arbitration clause in the Basic Agreement, which requires arbitration

of "any dispute" between Respondents and Primerica or any "Primerica Company," including the State Court Defendants.

26. The Federal Arbitration Act provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

27. Respondents' claims in the State Action against Primerica's affiliates are covered by the mandatory arbitration clause in the Basic Agreement and may only proceed in a proper arbitral forum. That agreement to arbitrate is fully enforceable under the law.

28. Accordingly, this Court should enter an Order, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, compelling Respondents Richard Reid and Crystal Cuevas to arbitrate claims that they brought in New York State Supreme Court.

### Count II: Order Enjoining Further Litigation

29. Primerica repeats and re-alleges paragraphs 1 through 28 set forth above.

30. Respondents' pursuit of claims in the State Action violates the agreement to arbitrate between Primerica and Respondents.

31. Under the All Writs Act, this Court has authority to "issue all writs necessary or appropriate in aid of [its] respective jurisdiction." 28 U.S.C. § 1651. This authority grants this Court the power to enter an order enjoining any further proceedings in cases pending in other federal or state jurisdictions that may interfere with this Court's jurisdiction.

32. Under the Anti-Injunction Act, 28 U.S.C. § 2283, this Court may stay proceedings in a state court where the claims asserted in the state-court action are governed by an arbitration agreement that is before this Court.

33. The State Action filed by Respondents is governed by the agreement to arbitrate between Respondents and Primerica that is the subject of this Petition.

34. Primerica will suffer irreparable harm if it or its affiliates, including the State Court Defendants, are forced to defend against the claims asserted on a class-basis in the State Action. Primerica received prior written assurances from Respondents that any disputes between them and Primerica or any Primerica Company would be settled as promptly and inexpensively as possible, via individual negotiation and, if necessary, individual arbitration.

35. The Basic Agreement to which Respondents agreed to be bound requires that "any dispute" between them and Primerica or any "Primerica Company," defined to include the State Court Defendants, be arbitrated. The claims asserted by Defendants in the State Action are indisputably covered by this agreement to arbitrate, and Primerica is likely to succeed on the merits of its Petition.

36. The Federal Arbitration Act declares a clear public policy in favor of enforcing parties' agreements to arbitrate. Continued litigation, in any judicial forum, between Respondents and the State Court Defendants would contravene this established public interest in arbitration.

37. Accordingly, this Court should enter an order, pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283, barring Respondents from further litigating those or any other claims against any Primerica Company, in state or federal court.

## **PETITION FOR RELIEF**

WHEREFORE, Primerica respectfully requests that this Court:

A.  Grant such temporary, preliminary and permanent injunctive relief pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, the All Writs Act, 28 U.S.C. § 1651, the Anti-Injunction Act, 28 U.S.C. § 2283, and/or the Court's inherent jurisdiction:

> (1) compelling Respondents Richard Reid and Crystal Cuevas to arbitrate claims that they brought in New York State Supreme Court, and
>
> (2) barring Respondents from further litigating those or any other claims against any Primerica Company, in state or federal court.

B.  Grant any other relief that this Court deems necessary and proper in the interests of justice.

Dated: New York, New York
September 25, 2014

By: _____
Jay Cohen, Esq.
Eric Alan Stone, Esq.
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel (212) 373-3000
Fax (212) 757-3990
jaycohen@paulweiss.com
estone@paulweiss.com

– and –

William J. Anthony, Esq.
JACKSON LEWIS P.C.
18 Corporate Woods Boulevard
Albany, NY 12211
Tel (518) 434-1300
Fax (518) 427-5956
AnthonyW@jacksonlewis.com

*Counsel for Petitioner Primerica Financial Services Inc.*

## VERIFICATION

STATE OF GEORGIA )
)SS.:
COUNTY OF GWINNETT )

      Personally appeared before me, the undersigned attesting officer, duly authorized to administer oaths, Adam M. Weaver, and being duly sworn, affirms, and says that he is an Assistant Vice President and Assistant General Counsel of Primerica Financial Services, Inc., and that he has read the foregoing Verified Petition to Compel Arbitration and for Injunction to Stay Improper Action and that the facts set forth therein are true and accurate based on his own personal knowledge, information and belief.

By: _____
ADAM M. WEAVER

Sworn to before me this
24th day of September, 2014

_____
Notary Public

