UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD REID and CRYSTAL CUEVAS, individually and on behalf of other persons similarly situated who were employed by PRIMERICA FINANCIAL SERVICES AGENCY OF NEW YORK, INC. or PFS INVESTMENTS INC., <br><br> Plaintiffs, <br><br> -against- <br><br> PRIMERICA FINANCIAL SERVICES AGENCY OF NEW YORK, INC.; PFS INVESTMENTS INC.; and related entities, <br><br> Defendants. | 14 Civ. 7796 (ALC) |
| PRIMERICA FINANCIAL SERVICES, INC., <br><br> Petitioner, <br><br> - against - <br><br> RICHARD REID and CRYSTAL CUEVAS, <br><br> Respondents. | 14 Civ. 7795 (ALC) |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF
PLAINTIFFS' MOTIONS TO REMAND AND TO DISMISS**

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ..................................................................................... ii

PRELIMINARY STATEMENT ............................................................................... 1

BACKGROUND .................................................................................................... 2

ARGUMENT ......................................................................................................... 3

I.     This Court Has CAFA Jurisdiction Over the Removed Action, and
No CAFA Exception Applies To Permit Remand to State Court .................................... 3

     A.     The "Local Controversy" Exception Does Not Apply ....................... 4

     B.     The "Home State" Exception Does Not Apply ................................... 7

     C.     The "Interests of Justice" Exception Does Not Apply ....................... 8

II.     The Court Has Subject-Matter Jurisdiction Over the Petition ........................ 11

     A.     Primerica Has Satisfied the Jurisdictional Requirements Under the
Traditional Diversity Statute, 28 U.S.C. § 1332(a) ............................ 11

     B.     Primerica Has Satisfied the Jurisdictional Requirements Under CAFA,
28 U.S.C. § 1332(d) ......................................................................... 18

CONCLUSION ..................................................................................................... 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adam Developers Enterprises, Inc.* v. *Arizon Structures Worldwide, LLC*,
No. 13-CV-261, 2013 WL 5532752 (E.D.N.Y. Sept. 30, 2013) ............................................16

*AT&T Mobility LLC* v. *Concepcion*,
563 U.S. 333 (2011)................................................................................................................11

*Ava Acupuncture P.C.* v. *State Farm Mut. Auto. Ins.*,
592 F. Supp. 2d 522 (S.D.N.Y. 2008)......................................................................................6

*Brook* v. *UnitedHealth Group Inc.*,
No. 06 Civ. 12954, 2007 WL 2827808 (S.D.N.Y. Sep. 27, 2007).......................................5, 7

*Chenensky* v. *New York Life Ins. Co.*,
No. 07 CIV. 11504, 2012 WL 234374 (S.D.N.Y. Jan. 10, 2012)..........................................13

*Cheung* v. *Union Cent. Life Ins. Co.*,
269 F. Supp. 2d 321 (S.D.N.Y. 2003)....................................................................................14

*CMH Homes, Inc.* v. *Goodner*,
729 F.3d 832 (8th Cir. 2013) ....................................................................................16, 17, 19

*Coffey* v. *Freeport McMoran Copper & Gold*,
581 F.3d 1240 (10th Cir. 2009) ...............................................................................................5

*Cooper* v. *R.J. Reynolds Tobacco Co.*,
586 F. Supp. 2d 1312 (M.D. Fla. 2008)...................................................................................8

*Corsino* v. *Perkins*,
No. CV0909031, 2010 WL 317418 (C.D. Cal. Jan. 19, 2010)................................................8

*Devine* v. *White*,
697 F.2d 421 (D.C. Cir. 1983).................................................................................................17

*Doctor's Assocs, Inc.* v. *Hollingsworth*,
949 F. Supp. 77 (D. Conn. 1996).............................................................................................18

*Greenwich Fin. Servs. Distressed Mortgage Fund 3 LLC* v. *Countrywide Fin.
Corp.*, 603 F.3d 23 (2d Cir. 2010) ............................................................................................4

*Henry* v. *Warner Music Grp. Corp.*,
No. 13 CIV. 5031, 2014 WL 1224575 (S.D.N.Y. Mar. 24, 2014) ...................................10, 11

*Kheel* v. *Port Auth. of N.Y.*,
  457 F .2d 46, 49 (2d Cir. 1972)..................................................................................12, 13

*Loomis* v. *Civetta Corinno Constr. Corp.*,
  444 N.Y.S.2d 571 (1981) ....................................................................................................13

*Northport Health Servs. of Ark., LLC* v. *Rutherford*,
  605 F.3d 483 (8th Cir. 2010) ............................................................................................18

*Phillips* v. *Kaiser Foundation Health Plan, Inc.*,
  953 F. Supp. 2d 1078 (N.D. Cal. 2011) ............................................................................9

*Powell* v. *Tosh*,
  No. 5:09-CV-000121-TBR, 2009 WL 3484064 (W.D. Ky. Oct. 22, 2009) ............................9

*Romano* v. *SLS Residential, Inc.*,
  812 F. Supp. 2d 282 (S.D.N.Y. 2011)..................................................................................7

*Ryan* v. *Legends Hospitality, LLC*,
  No. 11 CIV. 3110, 2012 WL 3834088 (S.D.N.Y. Aug. 1, 2012) ....................................13, 15

*Scherer* v. *Equitable Life Assurance Soc'y*,
  347 F.3d 394 (2d Cir. 2003)..............................................................................................12

*Sorrentino* v. *ASN Roosevelt Center*,
  588 F.Supp.2d 350, 359 (E.D.N.Y. 2008) ............................................................................8

*St. Paul Mercury Indem.* v. *Red Cab Co.*,
  303 U.S. 283 (1938)............................................................................................................12

*Standard Fire Ins. Co.* v. *Knowles*,
  133 S. Ct. 1345, 1349 (2013) ............................................................................................10

*Vaden* v. *Discover Bank*,
  556 U.S. 49 (2009)........................................................................................................16, 17

*Wavecom, S.A.* v. *Temic Auto. of N Am., Inc.*,
  No. 09 Civ. 526, 2009 WL 2474206 (S.D.N.Y. Aug. 12, 2009) ..........................................18

*Woods* v. *Standard Ins. Co.*,
  771 F.3d 1257 (10th Cir. 2014) ..........................................................................................6

**Page(s)**

**Statutes**

28 U.S.C. § 1331 ..................................................................................................17

28 U.S.C. § 1332(a) ......................................................................................... *passim*

28 U.S.C. § 1332(d) ......................................................................................... *passim*

Federal Arbitration Act, § 4 ...............................................................................16, 17

N.Y. Labor Law § 198(1-a) .................................................................................13

**Other Authorities**

Fed. R. Civ. P. 17(a)(1)(F) ..................................................................................19

Fed. R. Civ. P. 54(c) ..........................................................................................13

N.Y. C.P.L.R. § 3017(a) .....................................................................................13

S. Rep. No. 109-14 (2005) ....................................................................................5

## PRELIMINARY STATEMENT

The parties have completed the jurisdictional discovery ordered by the Court. That discovery confirms that the Court has Class Action Fairness Act jurisdiction over the Removed Action, *Reid* v. *Primerica Financial Services Agency of New York*, No. 14 Civ. 7796 (S.D.N.Y. Sept. 25, 2014), and has both CAFA and traditional diversity jurisdiction over the Petition to compel arbitration, *Primerica Financial Services, Inc.* v. *Reid*, No. 14 Civ. 7795 (S.D.N.Y. Sept. 25, 2014).

**CAFA Jurisdiction Over the Removed Action:**  It is now undisputed that defendants Primerica Financial Services Agency of New York, Inc. and PFS Investments, Inc. have satisfied the prerequisites for CAFA jurisdiction over the Removed Action.

Remand to state court is thus improper because Plaintiffs have not established that one of the exceptions to CAFA jurisdiction applies, and the burden to do so was theirs.  The "local controversy" exception does not apply here.  *See* 28 U.S.C. §§ 1332(d)(4)(A).  As its name suggests, that exception is for controversies arising out of conduct affecting people in one state.  This is a lawsuit challenging the independent-contractor status of Primerica agents who signed agreements that Primerica uses nationwide, and has used for thirty years.  Limiting the controversy to just New York plaintiffs does not, as a matter of law, turn a nationwide dispute into "a local controversy."  Furthermore, technical application of the rule would require the Court to compare the relative significance of PFSNY and PFSI, yet Plaintiffs have provided no evidence from which the Court could do so.  In fact, Plaintiffs seek the same damages from both entities.  That also renders inapplicable the "home state" and "interests of justice" exceptions, which each require the Court to assess whether PFSNY is a "primary defendant" relative to PFSI.  *See* 28 U.S.C. §§ 1332(d)(3), (d)(4)(B).  Here, too, Plaintiffs offer the Court no evidence, no way to compare one defendant to the other.  And the "interests of justice" exception is also

inapplicable because, as confirmed by the recent jurisdictional discovery, more than two-thirds of the putative class members are citizens of New York. *See id*. at § 1332(d)(3). The Removed Action, as a matter of law, should remain in this Court.

**Diversity and CAFA Jurisdiction Over the Petition:** There is complete diversity among the parties to the Petition, and jurisdictional discovery has confirmed that the amount in controversy, including liquidated damages and reasonable attorneys' fees, exceeds $75,000. *See* 28 U.S.C. § 1332(a). Reid and Cuevas argue otherwise, but their arguments are wrong factually and legally. Their circumlocutions notwithstanding, the test is quite simple: To determine whether there is diversity of citizenship, the Court looks at the parties to the Petition. Reid and Cuevas are from New York and Colorado, and Primerica Financial Services, Inc. ("Primerica") is incorporated in Nevada and headquartered in Georgia. There is complete diversity. For the amount-in-controversy requirement, the Court can look either at Reid's claim alone or at the underlying controversy to be arbitrated. Either way, the $75,000 threshold is easily surpassed. And in any event, there is CAFA jurisdiction over the Petition because there is CAFA jurisdiction over the underlying Removed Action.

Accordingly, Petitioner Primerica respectfully submits that with jurisdiction now established in both actions—though either would be sufficient—the Court should compel Reid and Cuevas to arbitrate their claims individually.

## BACKGROUND

Plaintiffs Reid and Cuevas sued PFSNY and PFSI in state court in a putative class action under New York's wage-and-hour laws. PFSI and PFSNY removed that case to this Court. *See Reid* v. *Primerica Fin. Servs. Agency of N.Y.*, No. 14 Civ. 7796 (S.D.N.Y. Sept. 25, 2014). PFSI and PFSNY moved to compel arbitration in that Removed Action (*see* Defs.' Mot. to Compel Arbitration, Removed Action, ECF No. 6), and Plaintiffs moved to remand the case to

state court for lack of subject-matter jurisdiction under CAFA (*see* Pls.' Mot. to Remand, Removed Action, ECF No. 13).

Separately, Primerica filed a petition to compel Reid and Cuevas to arbitrate their claims, which Primerica is expressly permitted to do by virtue of its agreements with Reid and Cuevas. *See Primerica Fin. Servs., Inc.* v. *Reid*, No. 14 Civ. 7795 (S.D.N.Y. Sept. 25, 2014). Respondents moved to dismiss that Petition for lack of subject-matter jurisdiction and also moved, in the alternative, for denial on the merits. (*See* Pls.' Mot. to Dismiss, Petition, ECF No. 15.)

After the parties completed briefing these motions, the Court held a status conference and directed the parties to conduct limited jurisdictional discovery. The Court then allowed supplemental briefing regarding CAFA jurisdiction. (*See* Order, Removed Action, ECF No. 37.) The parties filed their opening supplemental briefs on January 15, 2016. This is Primerica's, PFSNY's, and PFSI's response to Reid's and Cuevas's opening supplemental brief.[1]

## ARGUMENT

### I.   This Court Has CAFA Jurisdiction Over the Removed Action, and No CAFA Exception Applies To Permit Remand to State Court

PFSI's and PFSNY's Opening Supplemental Brief showed that they have satisfied the four prerequisites for CAFA jurisdiction over the Removed Action. (*See* Defs.' Opening

---

[1] Some clarification on the scope of briefing is appropriate. Primerica understood the parties' December 10, 2015 Joint Status Report to have called for supplemental briefing on jurisdiction over the Removed Action, but not over the Petition. (*See* Joint Status Report ¶¶ 7–8, Removed Action, ECF No. 36.) When Reid and Cuevas submitted their opening brief, however, they addressed the Petition as well as the Removed Action. (*See* Pls.' Opening Supp. Br. at 8–11, Removed Action, ECF No. 38.)   The parties have since agreed that Primerica would set forth its responsive arguments regarding the Petition in this brief, and that no separate briefing on jurisdiction will be required thereafter regarding the Petition. (*See* Second Joint Status Report ¶ 4, Removed Action, ECF No. 41.)

Supp. Br. at 2–3 (citing 28 U.S.C. § 1332(d)), Removed Action, ECF No. 40.)  Therefore, this

Court has CAFA jurisdiction over the Removed Action unless Plaintiffs meet their burden to

prove that a CAFA exception applies.  *See Greenwich Fin. Servs. Distressed Mortgage Fund 3*

*LLC* v. *Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010).  Despite taking jurisdictional

discovery and submitting supplemental briefing, Plaintiffs have not met their burden.

### A.    The "Local Controversy" Exception Does Not Apply

Plaintiffs invoke the "local controversy" exception, which requires them to prove

both that (1) the "principal injuries resulting from the alleged conduct or any related conduct of

each defendant were incurred" in New York; and (2) that at least one defendant "from whom

significant relief is sought" and "whose alleged conduct forms a significant basis for the claims

asserted" is a citizen of New York.  28 U.S.C. § 1332(d)(4)(A).  Plaintiffs have no basis to show

any of these factors, which is likely why they spend most of their brief addressing the now-

undisputed requirement that more than two-thirds of the putative class be citizens of New York.

(*See* Pls.' Opening Supp. Br. at 2–4, Removed Action, ECF No. 38.)  The "local controversy"

exception is not a balancing test:  Plaintiffs must prove <u>all</u> of the requirements, and their

belaboring the one undisputed requirement does nothing to meet their burden for the remaining,

disputed ones.

**<u>Principal Injury Not in New York</u>:**  This is not a local controversy.  While

Plaintiffs' claims are meritless—they are not "employees," but rather independent contractors, as

confirmed by the very agreements they signed with the Primerica parties—there is nothing

specific to New York about the core challenge here.  Primerica uses those agreements to

establish independent-contractor relationships with sales agents across the country.  (*See* Defs.'

Opening Supp. Br. at 4, Removed Action, ECF No. 40.)  Thus, Plaintiffs seek to manufacture a

"local" controversy by choosing to sue over only the New York part of a nationwide issue.  The

law forbids that.  *See Brook* v. *UnitedHealth Group Inc.*, No. 06 Civ. 12954, 2007 WL 2827808, at *4 (S.D.N.Y. Sep. 27, 2007).  Resolution of the issues here will have direct consequences for Primerica and its agents in States outside New York.  That is the antithesis of the local-controversy exception, which focuses on "principal injuries suffered by <u>everyone</u> who was affected by the alleged conduct--not just where the proposed class members were injured."  S. Rep. No. 109-14 at 40-41 (2005) (emphasis added).

Nor does it matter, as Plaintiffs argue, that New York Labor Law ("NYLL") does not apply outside of New York, or that the test for "employee" status is different under the NYLL than under the federal Fair Labor Standards Act.  (*See* Pls.' Opening Supp. Br. at 3–4, Removed Action, ECF No. 38.)  The local-controversy exception focuses on the defendant's alleged conduct and the locus of the alleged resulting injury, not on the cause of action a plaintiff happens to select.  Plaintiffs cite no case in which the "principal injuries" requirement was satisfied by artfully pleading a state-law claim rather than a federal-law claim.  And they cannot show that this case involves  a "truly local controversy that uniquely affects [New York] to the exclusion of all others."  *Coffey* v. *Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009) (citing S. Rep. No. 109-14 at 38 (2005)).  The initial contracts Plaintiffs entered into with Primerica, as well as their disputed independent contractor status (which has been repeatedly upheld by courts and regulators), are common to Primerica's agents throughout the country.

Because Plaintiffs have not shown that the principal injuries complained of occurred in New York, the local-controversy exception does not apply.

**PFSNY Is Not a "Significant Defendant"**:  Plaintiffs have also failed to meet their burden to establish that (a) the conduct of PFSNY, the sole New York defendant, is

"significant in relation to the conduct alleged against other defendants," and (b) the relief sought from PFSNY "is a significant portion of the entire relief sought by the class." *Ava Acupuncture P.C.* v. *State Farm Mut. Auto. Ins.*, 592 F. Supp. 2d 522, 528 (S.D.N.Y. 2008) (citing *Evans* v. *Walter Indus., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006); *Mattera* v. *Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 80 (S.D.N.Y.2006)); *see also* 28 U.S.C. § 1332(d)(4)(A)(i)(II).  Both inquiries are fact-specific and comparative.  *See Ava Acupuncture*, 592 F. Supp. 2d at 528.  The party bearing the burden of establishing the "local controversy" exception must present evidence to allow the court to "compare [the local defendant's] conduct with that of the other named defendants."  *Woods* v. *Standard Ins. Co.*, 771 F.3d 1257, 1266-67 (10th Cir. 2014).  In *Ava Acupuncture*, for example, the court found that the "significant" defendant requirement was unsatisfied where plaintiff did not "offer any evidence from which this court can compare the significance of the relief sought" from all the defendants.  592 F. Supp. 2d at 531–32.

Plaintiffs still have offered no evidence that would even allow the Court to conduct that analysis—comparing the conduct of PFSNY to that of PFSI, the Georgia defendant—much less evidence sufficient to meet their burden.  In the two paragraphs they dedicate to this issue, Plaintiffs do not mention PFSI's alleged conduct <u>or</u> the relief sought from PFSI.  (*See* Pls.' Opening Supp. Br. at 5–6, Removed Action, ECF No. 38.)  Plaintiffs also cannot meet their burden by simply asserting that PFSNY was their "direct employer" who "hired" them.  They provide no evidence of those facts, and have simply assumed they are right on the merits of their claims.  Plaintiffs' other allegations about PFSNY are not comparative, and thus do not let the Court assess the relative significance of PFSNY and PFSI.  (*See id.*)

Because Plaintiffs have not shown that PFSNY, the sole New York defendant, is a "significant" defendant, the "local controversy" exception does not apply.

**B.     The "Home State" Exception Does Not Apply**

While the local controversy exception looks at where the injury occurred, the "home state" exception looks at where the parties reside.  It applies where more than two-thirds of the class members are citizens of New York, and all of the "primary defendants" are citizens of New York as well.  *See* 28 U.S.C. § 1332(d)(4)(B); *Brook*, 2007 WL 2827808, at *5–6.  The mere fact that more than two-thirds of the putative class reside in New York has no bearing at all on the question of whether the "primary defendants" are citizens of the State as well.

Plaintiffs must provide a "rational basis" for the Court to determine whether each defendant (here, PFSNY and PFSI) is "primary or secondary."  *Brook*, 2007 WL 2827808, at *6; *see also Romano* v. *SLS Residential, Inc.*, 812 F. Supp. 2d 282, 289 (S.D.N.Y. 2011).  There can be multiple primary defendants.  If so, they all must be from New York.  *See Brook*, 2007 WL 2827808, at *6.  Plaintiffs have failed, completely, to explain why the Georgia defendant, PFSI, is "secondary" to the New York defendant, PFSNY.  Indeed, Plaintiffs seek the same damages from both defendants.  (*See* Defs.' Opening Supp. Br. at 6–7 (citing Cmplt. at 10, ad damnum), Removed Action, ECF No. 40.)  Plaintiffs' opening supplemental brief does not even <u>address</u> PFSI.  They say only that PFSNY is the only Primerica entity licensed as an insurance brokerage firm in New York.  (*See* Pls.' Opening Supp. Br. at 4–5, Removed Action, ECF No. 38.)  That tells, at most, half of the story.  Even if it were sufficient to make PFSNY a primary defendant (and it is not sufficient), it provides no comparative basis from which to relegate PFSI to "secondary" status. PFSI is also a Primerica entity, and it is licensed as a securities brokerage firm in New York.  Plaintiffs claim damages from purported employment selling both insurance products and securities products.  Why would the insurance defendant be "primary" but the securities defendant "secondary"?  Plaintiffs offer not one word to answer that question.

Instead, Plaintiffs list factors that Judge Spatt considered in assessing "primary defendant" status in *Sorrentino* v. *ASN Roosevelt Center*, 588 F.Supp.2d 350, 359 (E.D.N.Y. 2008).  (*See* Pls.' Opening Supp. Br. at 4 (citing *Sorrentino*), Removed Action, ECF No. 38.) That case, too, turned on a comparison of the defendants "to differentiate" the purportedly non-primary defendant "from the remaining defendants."  *Corsino* v. *Perkins*, No. CV0909031, 2010 WL 317418, at *6 (C.D. Cal. Jan. 19, 2010) (discussing *Sorrentino*).  Even if a factor-based analysis like that suggested by *Sorrentino* were the standard, there could be no such analysis here, where Reid and Cuevas offer "no rationale to differentiate" the defendants as primary and secondary.  *Cooper* v. *R.J. Reynolds Tobacco Co.*, 586 F. Supp. 2d 1312, 1318 (M.D. Fla. 2008) (citing *Brook*, 2007 WL 2827808, at *5).  They have failed to meet their burden to provide the Court with sufficient evidence to conduct a factor-based comparative analysis of PFSI and PFSNY.

Because Plaintiffs have not shown that PFSI is not a "primary defendant," the home state exception does not apply.

**C.    The "Interests of Justice" Exception Does Not Apply**

While CAFA's "interests of justice" exception invokes the Court's discretion, it has two jurisdictional prerequisites that precede any discretionary analysis: (1) that "greater than one-third but less than two-thirds" of the putative class members are citizens of the forum state, and (2) that the primary defendants are all citizens of the forum state, here New York.  28 U.S.C. § 1332(d)(3).  Plaintiffs cannot meet either prerequisite.

**More Than Two-Thirds Citizenship:**  The parties do not dispute that 84% of the putative class members are New York residents.  (*See* Defs.' Opening Supp. Br. at 7, Removed Action, ECF No. 40; Pls.' Opening Supp. Br. at 7, Removed Action, ECF No. 38.)  That fact

forecloses the "interests of justice" exception as matter of law, because 84% is not "less than

two-thirds."

The statute, on its face, makes clear that the interests of justice exception applies

only if "greater than one-third <u>but less than two-thirds</u>" of the putative class members are citizens

of New York.  28 U.S.C. § 1332(d)(3) (emphasis added).  And case law confirms that the plain

meaning of the statute applies.  *See Phillips* v. *Kaiser Foundation Health Plan, Inc.*, 953 F.

Supp. 2d 1078, 1087 (N.D. Cal. 2011); *Powell* v. *Tosh*, No. 5:09-CV-000121-TBR, 2009 WL

3484064, at *9 (W.D. Ky. Oct. 22, 2009). (*See* Defs.' Opening Supp. Br. at 7, Removed Action,

ECF No. 40.)

This makes sense considering how the other two CAFA exceptions apply.  Where

more than two-thirds of the class members live in the forum state, the Court must decline

jurisdiction either if the case presents a "local controversy" or if the case is a "home state" case

with all forum-state primary defendants, as discussed above.  If more than two-thirds of the

class members live in New York but the case is not a local controversy or at least one primary

defendant is not from New York, the case stays in federal court.  That is the case here; the

"interests of justice" exception does not apply.

**No Evidence That PFSI Is Not a Primary Defendant:**  Independently, the

"interests of justice" exception does not apply because as explained above and in prior briefing,

Plaintiffs have failed to establish that PFSI, the Georgia defendant, is not a primary defendant.

(*See id*. at 7–8.)

**Not An Appropriate Exercise of Discretion:**  Even if there were a jurisdictional

basis for the Court to reach the six-factor discretionary analysis, this would not be an appropriate

case to remand to state court.  (*See id*. at 8–9.)  Here, "a balancing test should be applied taking

into consideration the 'totality of the circumstances.'" *Henry* v. *Warner Music Grp. Corp.*, No. 13 CIV. 5031, 2014 WL 1224575, at *6 (S.D.N.Y. Mar. 24, 2014) (quoting *Sorrentino,* 588 F.Supp.2d at 359).  Certain factors may be given more weight than the others.  In particular, retaining jurisdiction is appropriate where the case is an "interstate case of national importance" and where the "complaint was pleaded in a way to avoid federal jurisdiction." *See id*. at *7 (quoting  *Standard Fire Ins. Co.* v. *Knowles*, 133 S. Ct. 1345, 1349 (2013)); *see also* 28 U.S.C. §§ 1332(d)(3)(A), (C).

        Plaintiffs included class members outside of the forum state (as some 14% of the class members are here), and the case thus "qualifies as an 'interstate' case." *Henry*, 2014 WL 1224575, at *7.  And while Plaintiffs argue there that there are no national or interstate issues because they are suing under New York law,  that argument was rejected in *Henry*, which also was a class action under New York's Labor Law.  Moreover, because this case implicates the "national policy favoring arbitration," *see AT&T Mobility LLC* v. *Concepcion*, 563 U.S. 333, 345 (2011) (quoting *Buckeye Check Cashing, Inc.* v. *Cardegna*, 546 U.S. 440, 443 (2006)), the discretionary factor counsels against remand.  This case also involves additional issues of national importance including the classification of independent contractors, which constitute a large part of the nation's labor force.  *See Henry*, 2014 WL 1224575, at *7 (discussing the national importance of the classification of interns).

        Further, Plaintiffs have sought to avoid federal jurisdiction by not naming Primerica, a Nevada company with its headquarters in Georgia, as a defendant in their state court complaint.  Plaintiffs' relationship with PFSNY, the named New York defendant, is predicated on the contract they entered into with Primerica.  *See* 28 U.S.C. § 1332(d)(3)(C).  Primerica is thus a real party in interest here, weighing against remand.

Because these factors weigh in Defendants' favor and because they "weigh more heavily in the balance," *see Henry*, 2014 WL 1224575, at *7, Plaintiffs would not be able to make out a case for the exercise of this Court's discretion even if they could meet the prerequisites for the interests-of-justice exception.

* * * *

Plaintiffs filed a class action in state court. It meets the jurisdictional prerequisites under CAFA for removal to federal court, and defendants timely removed it. Plaintiffs have failed to meet their burden to prove the applicability of a CAFA exception. The Court should deny their motion to remand the Removed Action, and rule on—and, Primerica submits, grant—the Defendants' motion to compel arbitration.

## II.    The Court Has Subject-Matter Jurisdiction Over the Petition

Primerica has asserted federal subject-matter jurisdiction over the Petition pursuant to the traditional diversity jurisdiction statute, 28 U.S.C. § 1332(a) and pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 (d).  (*See* Primerica's Am. Verified Pet. to Compel Arbitration ¶¶ 7(a)–(b), Petition, ECF No. 24.)  Reid and Cuevas have no answer to CAFA jurisdiction, and their arguments about traditional diversity jurisdiction are factually unsupported and legally irrelevant.

### A.    Primerica Has Satisfied the Jurisdictional Requirements Under the Traditional Diversity Statute, 28 U.S.C. § 1332(a)

#### 1.    *The Amount in Controversy Exceeds $75,000*

Primerica's Petition pleads an amount in controversy in excess of $75,000. (*See* Primerica's Am. Verified Pet. to Compel Arbitration ¶ 7(a), Petition, ECF No. 24.)  That good-faith pleading creates a presumption that the jurisdictional prerequisite is satisfied.  *See Scherer* v. *Equitable Life Assurance Soc'y,* 347 F.3d 394, 397 (2d Cir. 2003) (Primerica's Opp'n to Pls.'

11

Mot. to Dismiss at 13, Petition, ECF No. 21.)  Respondents may rebut that presumption only by demonstrating "to a legal certainty that the claim is really for less than the jurisdictional amount" to justify dismissal.  *St. Paul Mercury Indem.* v. *Red Cab Co.,* 303 U.S. 283, 289 (1938) (emphasis added); *see also Scherer,* 347 F.3d at 397.  Even after jurisdictional discovery, Respondents have failed to meet this burden.  (*See* Primerica's Opp'n to Pls.' Mot. to Dismiss at 13–17, Petition, ECF No. 21.)

The Court calculates the amount in controversy from Primerica's standpoint, because it brought this Petition.  *See Kheel* v. *Port Auth. of N.Y.,* 457 F .2d 46, 49 (2d Cir. 1972). That includes assessment of both (i) "'the value of the suit's intended benefit,'" and (ii) "the value of the right being protected or the injury being averted."  *Id*. (quoting *Mass. State Pharm, Ass'n* v. *Fed. Prescription Serv. Inc.,* 431 F.2d 130, 132 (8th Cir. 1970)).  Under either metric, the amount exceeds $75,000.

**The Value of the Suit's Intended Benefit:**  Reid and Cuevas have brought claims under New York's Labor Law.  They seek lost wages, but they have not disclaimed statutory liquidated damages, which would be an additional 100% of the unpaid wages.  *See* N.Y. Labor Law § 198(1-a) (McKinney 2011).  That counts towards the amount-in-controversy requirement, as do attorneys' fees where, as here, they are authorized by statute.  *See, e.g.*, *Ryan* v. *Legends Hospitaity, LLC*,  No. 11 CIV. 3110, 2012 WL 3834088, at *2 (S.D.N.Y. Aug. 1, 2012); *Givens* v. *W T. Grant Co.,* 457 F .2d 612, 614 (2d Cir. 1972) *vacated on other grounds*, 409 U.S. 56; *see also* N.Y. Labor Law§ 198(1-a) (McKinney 2011) (providing for recovery of reasonable attorneys' fees by an employee prevailing on a wage claim).

Based on jurisdictional discovery, Reid's purported lost wages are estimated to be $30,844.32.  (*See* Pls.' Opening Supp. Br. at 10, Removed Action, ECF No. 38.)  Including the

statutorily available liquidated damages would double the amount in controversy to $61,688.64 before attorneys' fees.  Reid's briefs do not address liquidated damages, and he has refused to disclaim such damages in his interrogatory answers.  (*See* Ex. 1 at Response Nos. 11–13 (Resp't Reid's Responses to Primerica's First Requests for Admissions).)  In any case, under federal and New York law, courts may grant relief to which a party is entitled, such as liquidated damages here, even if the party has not demanded such relief.  *See* Fed. R. Civ. P. 54(c) ("final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"); N.Y. C.P.L.R. § 3017(a) ("the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just").  Further, should Respondents proceed individually in state court, or in arbitration, or as a class action in federal court, they doubtless will seek leave to amend and demand liquidated damages.  *See id.* at § 3025; *see also Loomis* v. *Civetta Corinno Constr. Corp.,* 444 N.Y.S.2d 571 (1981) (holding that the amount demanded in the prayer for relief may be amended, even after verdict, in the absence of prejudice to the defendant); *Chenensky* v. *New York Life Ins. Co.*, No. 07 CIV. 11504, 2012 WL 234374, at *2 (S.D.N.Y. Jan. 10, 2012) (granting class plaintiffs leave to amend their NYLL complaints to seek liquidated damages).  In light of these flexible rules, "a removing defendant should not be bound for jurisdictional purposes by the plaintiff's demand for relief." *Cheung* v. *Union Cent. Life Ins. Co.*, 269 F. Supp. 2d 321, 325 (S.D.N.Y. 2003) (citing *Loomis*, 444 N.Y.S.2d 571).  Since there is no "legal certainty" that liquidated damages will not be sought/awarded, they must thus be included in the amount in controversy.

With liquidated damages included to double the claimed lost wages, Reid's claim stands at $61,688.64. Thus, to defeat diversity jurisdiction, Reid must show to a legal certainty that his attorneys' fees are less than $13,311.16.  That he cannot do.  In jurisdictional discovery,

Reid's counsel disclosed that they have worked "550 attorney, paralegal, and support staff hours

and that [their] partners typically bill at $525.00 per hour, associates at $325 to $425 per hour,

junior associates at $250 to $300 per hour, and support staff / paralegals at $100 to $125 per

hour." (*See* Ex. 2 at Response No. 5 (Resp't Reid's Responses to Primerica's First Interrogatory

Requests).)  Multiplying the number of hours by the lowest and highest billable rate produces

attorneys' fees ranging from $55,000 to $288,750.  To be clear, Primerica is not suggesting that

the entire amount should be attributable to Reid.  Considering, however, that the attorneys' fees

in this action already exceed $55,000 and that Reid will incur substantially more fees in

resolving even just the question of arbitrability, Respondents cannot show to a legal certainty

that the fees attributable to Reid's claims are not at least $13,311.36.[2]  The total amount in

controversy thus meets the jurisdictional minimum.

Reid tries to avoid the point by setting up a straw man. (*See* Pls.' Opening Supp.

Br. at 10–11, Removed Action, ECF No. 38.)  He relies on *Ryan* v. *Legends Hospitaity, LLC*,

which involved a putative class action predicated on the traditional diversity statute, § 1332(a).

*See* No. 11 CIV. 3110, 2012 WL 3834088, at *2 (S.D.N.Y. Aug. 1, 2012).  The *Ryan* court

determined that attorneys' fees cannot be attributed entirely to the class representative to meet

the $75,000 threshold.  This case is procedurally and factually distinguishable from *Ryan*.

Primerica does not seek to attribute to Reid the fees that Respondents' counsel will incur on

behalf of all of the class members.  Reid's and Cuevas's counsel have not yet incurred any fees

on behalf of any class; rather, thus far the parties have simply litigated jurisdictional issues

---

[2]  This is especially true in light of the fact that Respondents' counsel has regularly sought fees
well in excess of $75,000 for their wage and hour work in similar cases. (*See* Primerica's
Opp'n to Pls.' Mot. to Dismiss at 15, Petition, ECF No. 21.)  In *Kalloo* v. *Unlimited Mech.
Co. of NY*, for example, Respondents' counsel tried a three-plaintiff case under the NYLL
and recovered $149,863.45 in attorneys' fees and $9,276.36 in costs on a trial verdict of
$71,451.49 in lost wages.  *See* 977 F. Supp. 2d 209, 211 (E.D.N.Y. 2013).

affecting Reid's and Cuevas's claims individually.  The Petition is not a class action.  And in its interrogatories to Reid, Primerica asked how many hours his attorneys had "devoted to representing <u>you</u> in these cases," and Reid's sworn answer was approximately 500 hours of time. Reid did not qualify his answer or attempt to parse how many of those hours were devoted to someone other than himself.

In short, Primerica seeks to include only the reasonable attorneys' fees that Reid is individually entitled to recover under New York Labor Law.  After including such fees, the value of Reid's individual claims falls within the following range:

| Estimated Back Wages | $30,844.32 |
|---|---|
| Liquidated Damages | $30,844.32 |
| Attorneys' Fees | $55,000.00 to $288,750.00 |
| **Total Amount in Controversy** | **$116,688.64 to $319,594.32** |

Based on this information, Reid cannot show to a legal certainty that the amount in controversy does not exceed $75,0000.[3]

**The Value of the Injury Being Averted**:  The other method of assessing the amount in controversy—looking at the injury to be avoided, from Primerica's perspective—also reveals the threshold to be easily surpassed.  Primerica has moved to compel Reid and Cuevas to arbitrate their claims individually.  The injury sought to be avoided, then, is the very putative class action that Reid and Cuevas filed in State Court.  (*See* Primerica's Opp'n to Pls.' Mot. to Dismiss at 15–17, Petition, ECF No. 21.)  Primerica's Petition, brought under § 4 of the Federal

---

[3]   Once Reid satisfies the amount-in-controversy threshold for his own claims, the Court has pendent jurisdiction over Cuevas's claims.  (*See* Primerica's Opp'n to Pls.' Mot. to Dismiss at 15 (citing *Exxon Mobil Corp.* v. *Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005)), Petition, ECF No. 21.)

Arbitration Act ("FAA"), seeks an injunction against the Removed Action, barring Respondents from proceeding, in derogation of the contract they signed, with their wrongly filed class action of over 22,000 putative class members.  A claim for injunctive relief must be measured in terms of the potential damages that such relief may prevent.  *See Adam Developers Enterprises, Inc.* v. *Arizon Structures Worldwide, LLC*, No. 13-CV-261, 2013 WL 5532752, at *3 (E.D.N.Y. Sept. 30, 2013) (citing *A.F.A. Tours, Inc.* v. *Whitchurch*, 937 F.2d 82, 87 (2d Cir.1991)).

If Respondents succeed in forcing Primerica to litigate a class action, it would destroy Primerica's contractual right to arbitration and expose it to greater liability than it would face from individually arbitrating Reid's and Cuevas's claims.  It would also cause injury to Primerica because arbitration "is usually cheaper and faster than litigation," *Allied-Bruce Terminix Cos.* v. *Dobson,* and particularly class action litigation.  513 U.S. 265, 280 (1995) (quoting H.R. Rep. No. 997-543, at 13 (1982)); *see also Devine* v. *White,* 697 F.2d 421, 435 (D.C. Cir. 1983).  Losing the Petition on the merits would cause Primerica to engage in a costly and lengthy class action litigation.

The true value of the injury can therefore be measured only by "looking through" Primerica's FAA petition to the underlying Removed Action.  *See CMH Homes, Inc.* v. *Goodner,* 729 F.3d 832, 835-38 (8th Cir. 2013).  *CMH Homes* is procedurally analogous to this case and involved the question of whether a district court may properly look through the FAA petition to the underlying class action in order to determine the amount in controversy.  The Eighth Circuit held looking through is proper, because whether the amount-in-controversy requirement is satisfied "should not focus merely on the claims at issue in arbitration, but rather on the 'full-bodied controversy,' even if the claims at issue in arbitration by themselves might otherwise be adjudicated in state court."  *Id.* at 838 (quoting *Vaden* v. *Discover Bank*, 556 U.S.

16

49 (2009)).[4]  Here, there is no dispute that the amount in controversy in the underlying Removed

Action exceeds $5 million, (*see* Joint Status Report ¶ 6, Removed Action, ECF No. 36), thereby

satisfying the jurisdictional minimum for traditional diversity jurisdiction over the Petition.

         2.      *The Parties to the Petition Are Diverse*

         Primerica, a Nevada company headquartered in Georgia, brought this Petition against

a New York citizen (Reid) and a Colorado citizen (Cuevas).  There is complete diversity.

Respondents rehash their previous arguments to the contrary, none of which has any legal merit.

(*See* Primerica's Opp'n to Pls.' Mot. to Dismiss at 8–13, Petition, ECF No. 21.)

         In their opening supplemental brief, Reid and Cuevas again argue that Primerica is

"not a party to the arbitration agreements allegedly entered into by Respondents . . . ."  (Pls.'

Opening Supp. Br. at 9, Removed Action, ECF No. 38.)  That is still wrong.  Primerica is party

---

[4]   There has been significant briefing about "looking through," and a synopsis is useful:  In
*Vaden*, the Supreme Court addressed whether—in assessing <u>federal-question</u> jurisdiction
under 28 U.S.C. § 1331 in a petition to compel arbitration of a case in state court—a federal
court may "look through" to the state-court case to determine whether the controversy
implicates federal causes of action.  556 U.S. 49.  The Court held that in that circumstance,
"looking through" is appropriate because the Federal Arbitration Act itself does not confer
federal-question jurisdiction.  Thus, a jurisdiction-conferring federal cause of action may be
found, if anywhere, only in the underlying state-court case.

The question then arises whether *Vaden* controls and requires "looking through" to the state-
court case to assess jurisdiction in a <u>diversity</u> case under § 1332(a).  It does not.  As the
leading case holds, in assessing whether the parties to a federal case are diverse, the court
looks at only the parties to the federal case, not the citizenship of parties in related state-
court litigation.  *See Northport Health Servs. of Ark., LLC* v. *Rutherford*, 605 F.3d 483 (8th
Cir. 2010).

The amount-in-controversy requirement is different.  There, it is appropriate to "look
through," because it is often the underlying lawsuit for which arbitration is compelled that
sets the value of the controversy.  *See CMH Homes*, 729 F.3d 832, 835-38.

That is why here the Court looks at the monetary value of the state-court lawsuit to determine
amount in controversy, but not at the citizenship of the parties to that lawsuit to determine
diversity.

to—indeed, it is a signatory to—Respondents' agreements. (*See* Primerica's Opp'n to Pls.' Mot.
to Dismiss at 10 and Ex. A (Peterman Decl.), Petition, ECF No. 21.) The initial agreement with
Primerica is the core contract governing Primerica's business. It expressly provides that any
Primerica Company may compel arbitration of a suit against any other Primerica Company. (*See
id*.) Because Primerica is a party to the contracts with Reid and Cuevas, it is a "real and
substantial" party to this lawsuit. *See Wavecom, S.A.* v. *Temic Auto. of N Am., Inc.,* No. 09 Civ.
526, 2009 WL 2474206, at *2 (S.D.N.Y. Aug. 12, 2009).

Respondents again contend that their decision not to sue Primerica in their state-
court complaint somehow precludes diversity jurisdiction over the Petition. That is wrong.
Primerica is seeking to compel arbitration of claims against PFSNY and PFSI, and it is sufficient that
Primerica is a party to the contract containing the arbitration clause. *See Doctor's Assocs, Inc.* v.
*Hollingsworth,* 949 F. Supp. 77, 83 (D. Conn. 1996). Respondents cite Fed. R. Civ. P. 17(a)(1)(F),
but that cuts in favor of Primerica, which is "a party with whom or in whose name a contract has
been made for another's benefit" that may "sue in [its] own name[] without joining the person for
whose benefit the action is brought." Fed. R. Civ. P. 17(a)(l)(F). Primerica is very much a "real
party in interest." (*See also* Primerica's Opp'n to Pls.' Mot. to Dismiss at 8–13, Petition, ECF
No. 21.) The agreements that Reid and Cuevas signed with Primerica establish their
independent-contractor relationships and contain their agreements to arbitrate any dispute with
any Primerica company.

**B.    Primerica Has Satisfied the Jurisdictional Requirements
Under CAFA, 28 U.S.C. § 1332(d)**

Respondents' opening supplemental brief fails to address whether the Court may
exercise subject-matter jurisdiction over the Petition under CAFA. This is curious, given that
their prior arguments about CAFA jurisdiction over the Petition—namely that Primerica had not

pleaded CAFA jurisdiction—are mooted by Primerica's having amended its Petition to plead

jurisdiction under CAFA. (*See* Pls.' Reply at 7–8, Petition, ECF No. 22; Primerica's Am.

Verified Pet. to Compel Arbitration ¶ 7(b), Petition, ECF No. 24.)  Similarly, Respondents also

previously argued that Primerica could not show that the amount in controversy here exceeds $5

million, as required under CAFA.  (*See* Pls.' Reply at 8, Petition, ECF No. 22.)  But as explained

above, the Court may "look through" an FAA § 4 petition to the underlying action to determine

the amount in controversy.  *See CMH Homes,* 729 F.3d at 835-38.  Because there is no longer

any dispute that the amount in controversy in the Removed Action exceeds $5 million, CAFA's

amount in controversy requirement as to the Petition is also satisfied.  (*See* Defs.' Opening Supp.

Br. at 2–3 (citing 28 U.S.C. § 1332(d)), Removed Action, ECF No. 40.)

The "look through" analysis also satisfies the remaining CAFA jurisdictional

prerequisites because they have been undisputedly established in the underlying Removed

Action.  The Court thus has additional basis for exercising jurisdiction over the Petition under

CAFA.

## <u>CONCLUSION</u>

For the foregoing reasons, and as well as those set forth in Defendants' prior

briefs submitted in the above-captioned cases, the motions to remand the Removed Action and to

dismiss the Petition should both be denied, and the Court should exercise its subject-matter

jurisdiction over the Removed Action and the Petition.

Dated:  February 5, 2016
        New York, New York

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP

By:     /s/ Jay Cohen
        Jay Cohen, Esq.
        Eric Alan Stone, Esq.
        1285 Avenue of the Americas
        New York, New York 10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
        jaycohen@paulweiss.com
        estone@paulweiss.com

        -and-

JACKSON LEWIS P.C.

William J. Anthony
18 Corporate Woods Boulevard
Albany, NY 12211
Tel:    (518) 434-1300
Fax:    (518) 427-5956
        AnthonyW@jacksonlewis.com

Wendy Mellk
666 Third Avenue
New York, New York 10017
Tel:    (212) 545-4000
Fax:    (212) 972-3213
        mellkw@jacksonlewis.com

ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD REID and CRYSTAL CUEVAS, individually and on behalf of other persons similarly situated who were employed by PRIMERICA FINANCIAL SERVICES AGENCY OF NEW YORK, INC. or PFS INVESTMENTS INC., <br><br>       Plaintiffs, <br><br>     -against- <br><br> PRIMERICA FINANCIAL SERVICES AGENCY OF NEW YORK, INC.; PFS INVESTMENTS INC.; and related entities, <br><br>       Defendants. | 14 Civ. 7796 (ALC) |

| | |
|---|---|
| PRIMERICA FINANCIAL SERVICES, INC., <br><br>       Petitioner, <br><br>     - against - <br><br> RICHARD REID and CRYSTAL CUEVAS, <br><br>       Respondents. | 14 Civ. 7795 (ALC) |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 5, 2016, I electronically filed the foregoing

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM**

**OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTIONS TO REMAND AND**

**TO DISMISS** using the Court's CM/ECF system, which will automatically serve all counsel of

record in the case.

        /s/ Jay Cohen     
        Jay Cohen